DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
605 Third Avenue
New York, New York 10158
(212) 557-7200
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| MADISON 33 OWNER, LLC, | Case No. 24-11463 (PB) |
| Debtor. | |

----------------------------------------------------------x

**DECLARATION OF DAVID GOLWASSER PURSUANT TO**
**LOCAL BANKRUPTCY RULE 1007-2**

DAVID GOLDWASSER, under penalties of perjury, hereby declares and states as follows:

1.      I am the chief restructuring officer of Madison 33 Owner, LLC, the above captioned debtor (the "Debtor"), and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

**PART I**

**BACKGROUND**

2.      Formed on July 24, 2013, the Debtor is a domestic limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 172 Madison Avenue, Unit 27A, New York, NY 10016.

3.      The Debtor was formed to develop the real property located at 172 Madison Avenue, New York, New York (the "Property").

4.      The Property is a fully constructed 33-story mixed-use luxury high rise condominium, with 72 units. Only twelve (12) units remain unsold at this time. The unsold units

1

are fully constructed and include five (5) unfinished non-penthouse units, (5) penthouse units (including one "sky house") in "white box" condition, and two commercial units.  The Debtor believes the fair market value of these unsold units is no less than $100,600,000 once fully improved.  The Debtor estimates that it would cost approximately $13,500,000.00 to finish the 5 penthouse units before they can be sold at optimum value.

5.      On October 28, 2013, the Debtor acquired the Property through a bankruptcy sale. The Debtor provided $24,000,000.00 of its own capital in connection with the acquisition.  To fund the rest of the acquisition of the Property and later build out costs, the Debtor entered into a series of loans with Deutsche Bank, AG, ("DB") pursuant to that certain loan in the original principal amount of $75,852,054.53 (the "Senior Loan"), that certain loan in the principal amount of $3,400,000.00 (the "Building Loan"), and that certain loan in the principal amount of $8,351,444.39 (the "Project Loan" and, collectively, with the Senior Loan and the Building Loan, referred to herein as the "Loan Agreements"), collateralized by both the Property and the Debtor's member interests in the Owner.

6.      On or around August 2014, excavation at the Property commenced, and around April 2015 construction and marketing commenced at the Property with permitting and approvals in place.  The first closing for a unit at the Property occurred on May 19, 2017.  To date, 60 units have been sold for an aggregate total price of  $162,578,630, which net proceeds were paid to DB to reduce the loan obligations down to an estimated $43.5 million.

7.      Despite the Debtor's continued sales and continued payments to DB, DB declared a maturity default under the Loan Agreements on or around February 2022.  Notwithstanding, The Debtor believes DB's invoking of a default was not made in good faith or under any standards of fair dealing.  During this period, equity holders in the Debtor contributed another estimated

$6,499,648.28 in personal funds and capital calls to continue with its sale and marketing process of the unsold units at the Property, and to date there has not yet been any return or distributions to equity.

8.      The Debtor moved to cure the alleged default immediately and despite its efforts to negotiate with DB, DB continued to hold the Debtor in default.  As a result, the Debtor halted sales of the remaining units until it could resolve the open issues with Palm Avenue Hialeah Trust (the "Lender"), the current holder of the Loan Agreements.

9.      The indebtedness under the Loan Documents was significantly paid down by the Debtor to an estimated $34 million in principal.  In early 2024, DB agreed to accept $32,500,000 in full satisfaction of the indebtedness, to which the Debtor accepted DB's offer.  Unfortunately, and unbeknownst to the Debtor at the time, DB surreptitiously assigned the Loan Agreements to the Lender.  The Debtor has already accepted DB's payoff offer of $32,500,000.00 and believes that DB and the Lender, now standing in DB's shoes, should be bound by their agreements.

10.     The Lender asserts that no less than $62,624,337.02 is currently outstanding under the Loan Agreements which the Debtor contests, but due to the significant equity in the Property, I believe the Lender is adequately protected by virtue of the significant value of the Property.

11.     Despite the Debtor having undertaken extensive negotiations with the Lender, on April 3, 2024, the Lender scheduled a UCC-1 foreclosure sale of the Debtor's owner's member interests in the Debtor ("Foreclosure Sale") for June 4, 2024, at 11:00 a.m.

12.     On June 4, 2024, the Debtor's owner, Madison 33 Partners LLC ("Partners") filed for Chapter 11 bankruptcy protection in the Southern District of New York and was assigned to the Honorable Philip Bentley, with the case number 24-22500 (the "Partners Bankruptcy").

13.     During the Partners Bankruptcy, the Lender and Partners determined that for a

successful Chapter 11 reorganization it would be required that the Debtor, who actually owns the Property, also file for Chapter 11 protection.

14.     To that end, on August 7, 2024, I was appointed by the Debtor's members and manager as the chief restructuring officer of the Debtor and on August 26, 2024, I authorized the Debtor to file for Chapter 11 bankruptcy protection in the Southern District of New York (the "Petition Date").

15.     The Debtor intends to jointly administer its case with the Partners Bankruptcy for procedural purposes only in order for the Debtor and Partners to utilize Chapter 11 to potentially settle with the Lender and simultaneously retain a broker to market and sell the remaining units in a commercially reasonable manner.

16.     If a plan can be consummated expeditiously in bankruptcy, the creditors and equity will likely have the best chance of a recovery through a Chapter 11 plan of reorganization.

17.     The Debtor will also promptly review and adjudicate any claims or interests asserted by any other related parties.

18.     The Debtor therefore submits that the filing of the Chapter 11 case was necessary to preserve the value of the estate and maximize a return to its creditors.

19.     The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as debtor-in-possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

**PART II**

**INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007**

20.      In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

21.      The Debtor operates at 172 Madison Avenue, Unit 27A, New York, NY 10016. The Debtor's principal asset is the Property.

**Local Rule 1007-2(a)(2)**

22.      This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*(the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

23.      Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

24.      A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

25.      A schedule of the Debtor's 5 largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

26.      A summary of the Debtor's consolidated assets and liabilities is annexed hereto as **Schedule III.**

**Local Rule 1007-2(a)(7)**

27.     There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

28.     None of the Debtor's assets are in possession or custody of any custodian, public

officer, mortgagee, pledgee, assignee of rents or secured creditor, or agent.

**Local Rule 1007-2(a)(9)**

29.     The Debtor owns the Property.

**Local Rule 1007-2(a)(10)**

30.     The Debtor's books and records and substantial assets are located at the Debtor's

manager's office at 172 Madison Avenue, Suite 27A, New York, NY 10016.

**Local Rule 1007-2(a)(11)**

31.     All suits or proceedings in which the Debtor is named as a party are listed in the

Debtor's Statement of Financial Affairs as filed.

**Local Rule 1007-2(a)(12)**

32.     The Debtor is currently managed by David Goldwasser as its chief restructuring

officer and Tessler Developments as its manager.   The Debtor's operating agreement also

appointed two independent managers. They are currently Michelle Dreyer and Benjamin Hancock.

**Local Rule 1007-2(b)(1) and (2)**

33.     The Debtor currently has no employees.

34.     The Debtor's estimated gross weekly payroll and payments to officers, managers,

members, and directors for the thirty (30) day period following the Chapter 11 petition is $0.

35.     The Debtor's estimated payroll to non-manager/non-insider employees for the

thirty (30) day period following the Chapter 11 petition is approximately $0.

**Local Rule 1007-2(b)(3)**

36.     A schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss and obligations expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

### CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 26, 2024

*/s/ David Goldwasser*
David Goldwasser, Chief Restructuring Officer

## SCHEDULE I

<u>CONSOLIDATED 20 LARGEST UNSECURED CREDITORS</u>

See Attached

| Fill in this information to identify the case: |
|---|
| Debtor name | **Madison 33 Owner, LLC** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF NEW YORK** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                                                    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 172 NB LLC c/o Belkin Burden, Goldman LLP One Grand Central Place 60 East 42nd Street, Suite 1620 New York, NY 10165 | | | Disputed | | | $3,500,000.00 |
| ArentFox Schiff LLP 233 South Wacker Drive Suite 7100 Chicago, IL 60606 | | | | | | $4,870.43 |
| CBRE P.O. Box 406588 Atlanta, GA 30384 | | | | | | $56,785.63 |
| Fox Rothschild LLP 919 North Martket Street Wilmington, DE 19899 | | | | | | $2,217.98 |
| Gibgot Willenbacher, CPA 310 East Shore Road Great Neck, NY 11023 | | | | | | $4,280.00 |
| Gilsanz Murray Steficek LLP 129 West 27th Street, 5th Floor New York, NY 10001 | | | | | | $8,366.70 |
| KLDiscovery Ontrack LLC P.O. Box 845823 Tempe, AZ 85284 | | | | | | $11,674.42 |

Debtor   **Madison 33 Owner, LLC**                                    Case number *(if known)* _____
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Maxwell-Kates, Inc. 9 East 38th Street New York, NY 10016** | | | | | | **$926,119.62** |
| **Morrison Cohen LLP 909 Third Avenue New York, NY 10022** | | | | | | **$42,260.75** |
| **Stonework Design & Consulting, Inc. 25 Pier Lane W, Fairfield, NJ 07004** | | | | | | **$1,200.00** |

## SCHEDULE II

<u>DEBTOR'S FIVE LARGEST SECURED CREDITORS</u>

See Attached

**Fill in this information to identify the case:**

Debtor name    **Madison 33 Owner, LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF NEW YORK

Case number (if known)   _____

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
| --- | --- | --- | --- |
| | | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

**2.1  NYC Deptartment of Finance**
Creditor's Name

**P.O. Box 680**
**Newark, NJ 07101**
Creditor's mailing address

Creditor's email address, if known

Date debt was incurred

Last 4 digits of account number

Do multiple creditors have an interest in the same property?
☐ No
■ Yes. Specify each creditor, including this creditor and its relative priority.
**1. Palm Avenue Hialeah Trust**
**2. NYC Deptartment of Finance**

Describe debtor's property that is subject to a lien
**172 Madison Avenue, New York, NY 10016**

Describe the lien
_____

Is the creditor an insider or related party?
■ No
☐ Yes
Is anyone else liable on this claim?
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of claim: **$2,050,497.43**
Value of collateral: **$100,600,000.00**

**2.2  Palm Avenue Hialeah Trust**
Creditor's Name

**c/o Offit Kurman, P.A.**
**590 Madison Avenue, 6th Floor**
**New York, NY 10022**
Creditor's mailing address

Creditor's email address, if known

Date debt was incurred

Describe debtor's property that is subject to a lien
**172 Madison Avenue, New York, NY 10016**

Describe the lien
_____

Is the creditor an insider or related party?
■ No
☐ Yes
Is anyone else liable on this claim?
☐ No

Amount of claim: **$32,500,000.00**
Value of collateral: **$100,600,000.00**

Debtor    **Madison 33 Owner, LLC**                              Case number (if known) _____
          Name

                                    ■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

| | |
|---|---|
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:** Check all that apply |
| ☐ No | ☐ Contingent |
| ■ Yes. Specify each creditor, including this creditor and its relative priority. | ■ Unliquidated |
| **Specified on line 2.1** | ■ Disputed |

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    | **$34,550,497.43** |

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**SCHEDULE III**

SUMMARY OF ASSETS AND LIABILITIES

See Attached

**Fill in this information to identify the case:**

Debtor name     **Madison 33 Owner, LLC**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF NEW YORK

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals                12/15

| Part 1: | Summary of Assets |
| --- | --- |

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*.................................................................................... $ **100,600,000.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*.................................................................................. $ **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*.................................................................................... $ **100,600,000.00**

| Part 2: | Summary of Liabilities |
| --- | --- |

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................. $ **34,550,497.43**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $ **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................................. +$ **4,915,806.96**

4. **Total liabilities** ......................................................................................................
Lines 2 + 3a + 3b                                                                                     $ **39,466,304.39**

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

## SCHEDULE IV

<u>30 DAY ESTIMATED INCOME AND EXPENSES</u>

See Attached

| Week #<br>Week Ending | 1<br>8/25/2024 | 2<br>9/1/2024 | 3<br>9/8/2024 | 4<br>9/15/2024 | 5<br>9/22/2024 | 6<br>9/29/2024 |
|---|---|---|---|---|---|---|
| **RENTAL INCOME** | | | | | | |
| 209 NYC Dental LLP | $0.00 | $47,351.50 | $0.00 | $0.00 | $0.00 | $0.00 |
| Noda North America Inc | $0.00 | $22,917.50 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Rental Income** | $0.00 | $70,269.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | |
| **Reimbursable Income** | | | | | | |
| CAM | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Services | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| RE Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Reimbursable Income** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | |
| **Total Gross Income** | $0.00 | $70,269.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | |
| **OPERATING EXPENSES** | | | | | | |
| RE Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condo Charges | $0.00 | $44,502.53 | $0.00 | $0.00 | $0.00 | $44,502.53 |
| Liability Insurance | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Payroll | $0.00 | $3,739.12 | $0.00 | $3,739.12 | $0.00 | $3,739.12 |
| Property Management | $0.00 | $6,310.00 | $0.00 | $6,310.00 | $0.00 | $6,310.00 |
| Professional Fees (CRO) | $0.00 | $5,000.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| R&M (Repair per Local Rule 11 Inspection) | $0.00 | $500.00 | $0.00 | $0.00 | $0.00 | $500.00 |
| UST Fees | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **Total Operating Expenses** | $0.00 | $60,051.65 | $0.00 | $10,049.12 | $0.00 | $55,051.65 |
| | | | | | | |
| **NOI** | $0.00 | $10,217.35 | $0.00 | ($10,049.12) | $0.00 | ($55,051.65) |
| | | | | | | |
| **Cash Balance on the Account** | | | | | | |
| Beginning Balance | $0.00 | $0.00 | $10,217.35 | $10,217.35 | $168.23 | $168.23 |
| Plus: Weekly Cash Flow | $0.00 | $10,217.35 | $0.00 | ($10,049.12) | $0.00 | ($55,051.65) |
| **Ending Balance** | $0.00 | $10,217.35 | $10,217.35 | $168.23 | $168.23 | ($54,883.42) |