Eric H. Horn
**A.Y. STRAUSS LLC**
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel. (973) 287-0966
Fax (973) 533-0127

*Counsel for 172 NB LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Madison 33 Owner LLC, | Case No. 24-11463 (PB) |
| Debtor. | |

**OBJECTION OF 172 NB LLC TO MOTION OF THE DEBTOR IN
FAVOR OF RELIEF ENFORCING AND EXTENDING THE AUTOMATIC
STAY AND AWARDING SANCTIONS FOR STAY VIOLATIONS**

172 NB LLC ("*172 NB*"), by and through its undersigned counsel, hereby files this objection (the "*Objection*") to the motion of Madison 33 Owner LLC (the "*Debtor*"") seeking to enforce and extend the automatic stay and award sanctions [Docket No. 84] (the "*Motion*"), and respectfully states as follows:

**BACKGROUND**

1. On May 17, 2023, 172 NB, the Debtor, and Yitzchak Tessler ("*Tessler*") entered into a written agreement (the "*Agreement*") whereby the Debtor and Tessler jointly and severally agreed to reimburse 172 NB the sum of $3,500,000 which 172 NB would forfeit to Deutsche Bank upon the Debtor's and Tessler's failure to proceed with the purchase of certain loans that the Debtor had obtained from Deutsche Bank (the "*Loans*").

2. Based on the Debtor's and Tessler's representations in the Agreement, 172 NB, in reliance thereon, chose not to proceed with purchasing the Loans.

3. As a result, Debtor and Tessler were jointly and severally liable for, and obligated to pay 172 NB (i) the sum of $3,500,000 as 172 NB did not purchase the Loans and forfeited its deposit, and (ii) reasonable legal fees as set forth in the Agreement.

4. On March 27, 2024, 172 NB, via a motion for summary judgment in lieu of complaint [*see* State Court Action at Docket No. 1], commenced an action in the New York State Supreme Court, County of New York titled: *172 NB LLC vs. Madison 33 Owner LLC, Yitzchak Tessler*; Index No. 651581/2024 (the "**State Court Action**").

5. On July 12, 2024, the Debtor and Tessler opposed the motion for summary judgment in the State Court Action. *See id.* at Docket No. 15.

6. By Order dated July 29, 2024, the court in the State Court Action granted 172 NB's summary judgment motion. *See id.* at Docket No. 17.

7. On August 9, 2024, a proposed judgment was uploaded by 172 NB in the State Court Action. *See id.* at Docket No. 24.

8. On August 26, 2024, the Debtor and Tessler filed a notice of appeal. *See id.* at Docket No. 24.

9. Also on August 26, 2024, the Debtor commenced the instant chapter 11 case.

10. On November 22, 2024, the court in the State Court Action entered a money judgment in favor of 172 NB. *See id.* at Docket No. 26.

11. On December 15, 2024 – approximately four months after the filing of its chapter 11 case, the Debtor filed a Suggestion of Bankruptcy in the State Court Action. *See id.* at Docket No. 27.

12. In February of 2025, 172 NB proceeded to enforce its judgment against Yitchak Tessler – the non-debtor defendant in the State Court Action.

2

13. Notably, because of the imposition of the automatic stay, 172 NB did not proceed against the Debtor.

14. On February 18, 2025, the Debtor and Tessler filed in the State Court Action, via order to show cause, a motion seeking to (i) vacating the money judgment as void *ab initio*, (ii) stay all enforcement proceedings pending resolution of the motion, (ii) vacate all restraining notices served on financial institutions of Tessler, (iv) declare that any actions taken to enforce its judgment are null and void. *See id.* at Docket Nos. 30, 31, 32, 33, 34 (the "***State Court Stay Motion***"). On February 24, 2025, 172 NB filed its opposition to the State Court Stay Motion in the State Court Action. *See id.* at Docket No. 35, 36.

15. In addition to the State Court Stay Motion filed in the State Court Action, on February 18, 2025, the Debtor filed the instant Motion in this chapter 11 case seeking similar relief. In the Motion, the Debtor argues that the judgment issued in the State Court Action should be voided, the stay be extended to nondebtor Tessler, and 172 NB be sanctioned.

## OBJECTION

### A. THE ENTRY OF JUDGMENT BY A CLERK OF THE STATE COURT ACTION IS MINISTERIAL ACT WHICH DOES NOT VIOLATE THE AUTOMATIC STAY

16. The Debtor's assertion that the entry of the judgment violated the automatic stay imposed pursuant to Bankruptcy Code section 362 is wrong as a matter of law.

17. There is no dispute here that:

  (a) the proposed judgment granting 172 NB's summary judgment motion was uploaded in the State Court Action on August 9, 2024;

  (b) on August 26, 2024, the Debtor and Tessler filed a notice of appeal and that same day, the Debtor also commenced its chapter 11 case;

3

    (c)    on November 22, 2024, the court in the State Court Action entered a money judgment against the Debtor and Tessler, jointly and severally, and in favor of 172 NB; and

    (d)    on December 15, 2024, Debtor and Tessler filed a Suggestion of Bankruptcy in the State Court Action informing the State Court of the Debtor's chapter 11 filing in August 2024.

18.    As a matter of law, the entry of a judgment by a court clerk is considered a ministerial act and does not violate the automatic stay provisions of Bankruptcy Code section 362. Indeed, the Second Circuit has consistently held that such an act is purely ministerial and does not constitute the continuation of a judicial proceeding. *See, e.g.*, *Rexnord Holdings v Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (noting that "[w]hile the commencement or continuation of a judicial action or proceeding clearly is subject to the automatic stay of section 362, we do not believe that the simple and "ministerial" act of the entry of a judgment by the court clerk constitutes the continuation of a judicial proceeding under section 362(a)(1)."); *Musso v Ostashko*, 468 F.3d 99 (2d Cir. 2006) (court reaffirming that the entry of a judgment by the court clerk is a ministerial act and does not constitute the continuation of a judicial proceeding under section 11 U.S.C. §362(a)(1)); *see also In re Taylor*, 233 B.R. 639, 643 (S.D.N.Y. 1999) (noting that "it is well established under federal bankruptcy law that such ministerial acts as the entry of final judgment will be accorded their full effect even if the debtor's filing of the bankruptcy petition has already triggered the automatic stay").

19.    In support of its arguments, the Debtor cites to several cases including *In re Benalcazar,* 283 B.R. 514 (Bankr. N.D. Ill. 2002). Those cases, however, are inapposite. Indeed, in that case, creditor-plaintiff secured a judgment ten months prior to the February 20, 2002 chapter

4

7 filing and had brought enforcement proceedings to discover assets against the debtor. On the eve of a February 21, 2002 hearing in state court, the debtor there filed for bankruptcy protection. Despite being notified of the bankruptcy, at the March 14, 2002 hearing date, the state court determined that the contempt motion before it was not stayed. The state court proceeded to issue an order finding the debtor to be in civil contempt and for making false statements. The debtor then filed a motion in the bankruptcy court seeking to enforce the automatic stay. The bankruptcy court ultimately held the creditor's decision to proceed with contempt hearings, and secure orders against the debtor was a violation of the automatic stay and granted debtor's motion "only to the extent of awarding it damages of $3,354.05."

20. The Debtor also cites to *In re Taylor,* 190 B.R. 459 (Bankr. S.D. Fla. 1995) where a plaintiff-creditor continued to litigate against a debtor who filed for bankruptcy protections on June 5, 1995. On September 15, 1995, a default judgment was granted against the debtor post-bankruptcy petition.

21. In both *Benalcazar* and *Taylor,* there was a continuation of the judicial proceedings within the meaning of U.S. Code 362(a)(1). However, in cases like *Biermann, Taylor* and *Ostashko*, the courts have held that judgments which were already granted and judicial proceedings did not "continue" and the entry of the judgments by the clerk of the Court was not a violation of the automatic stay.

22. The facts of the case at bar are more in line with *Bidermann* where the clerk of the Court merely entered judgments already awarded prior to the bankruptcy filing, and nothing like *Benalcazar*, where the creditor-plaintiff proceeded to litigate, file motions, participate in hearings and actually engage in behavior violative of the automatic stay provisions.

5

23. Indeed, once the instant chapter 11 case was filed, no actions were taken against the Debtor. Actions were only taken against Tessler – the non-debtor defendant in the State Court Action.

24. Accordingly, the automatic stay was not violated.

**B.  THE AUTOMATIC STAY SHOULD NOT BE EXTENDED TO TESSLER PURSUANT TO BANKRUPTCY CODE SECTIONS 362 OR 105**

25. Although the scope of the stay is broad, the language of section 362(a) stays actions only against a debtor. *See McCartney v. Integra National Bank North*, 106 F.3d 506, 509 (3d Cir. 1997). Indeed, "[i]t is well-established that stays pursuant to section 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986); *see also Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) ("11 U.S.C. § 362. . . extends stay proceedings only to actions 'against the debtor.' There is nothing in the statute which purports to extend the stay to causes of action against solvent co-defendants of the debtor"); *In re Johnson*, 548 B.R. 770, 787 (Bankr. S.D. Ohio 2016) (finding that it "is axiomatic that § 362(a)(1) does not automatically give rise to a general stay of creditors' rights to pursue nondebtor codefendants, even those with some relationship to the debtor"); *Ford v. Hall*, 2012 WL 13026886, at *2 (S.D. Ind. Apr. 17, 2012) (declining to extend the stay to subsidiaries of the debtor); *Nevada Power Co. v. Calpine Corp. (In re Calpine Corp.)*, 365 B.R. 401, 408 n.18 (S.D.N.Y. 2007) (noting that lower courts in the Second Circuit have not extended the automatic stay to guarantors or sureties of the debtor); *Lukas, Nace, Gutierrez & Sachs, Chartered v. Havens*, 245 B.R. 180, 181 (D. D.C. 2000) (denying extension of the automatic stay to a principal of the debtor); *Patton v. Beardon*, 8 F.3d 343, 348-49 (6th Cir. 1993) (holding that a nondebtor's status as general partner does not entitle it to protection under the automatic stay of

6

the debtor partnership and noting a clear distinction in the nondebtor's role as a partner and the debtor partnership).

26. Although this Court has the authority to grant a stay of actions between third parties, such actions are not favored and require a substantial showing of need. *See Calpine Corp. v. Nev. Power Co. (In re Calpine Corp.)*, 354 B.R. 45, 49 (Bankr. S.D.N.Y. 2006) ("[w]hen the stay does not apply automatically, the debtor then bears the burden of demonstrating that circumstances warrant extending the stay").

27. Courts in this Circuit caution that such extensions are reserved for "special circumstances," and typically apply to those lawsuits which threaten serious risk to a reorganization in the form of immediate adverse economic consequences for the debtor's estate. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). Additionally, "the stay should not be extended where the non-debtor is 'independently liable as, for example, where the debtor and another are joint tortfeasors . . . .'" *FPSDA II, LLC v. Larin (In re FPSDA I, LLC)*, Case No. 10-75439, 2012 WL 6681794, *7-*8 (Bankr. E.D.N.Y. Dec. 21, 2012) (Eisenberg, J.) (*quoting A.H. Robins Co., Inc.*, 788 F.2d 994, 999-1000 (4th Cir. 1986).

28. Turning to the matter at hand, extending the stay to Tessler is certainly not warranted. First, as noted above, both the Debtor and Tessler are independently liable under the Agreement and judgment entered in the State Court Action.

29. More importantly, however, the Debtor fails to establish that the Debtor and estate will be "irreparably harmed" absent extension of the stay. The Debtor's statements regarding the importance of Tessler since he is the manager of the Debtor and a potential detrimental impact on the Debtor's estate are speculative at best. In fact, such argument is raised as a one-liner in the

7

Motion without any support whatsoever. Such certainly does not satisfy the high burden for having such relief granted.

30. Accordingly, 172 NB respectfully submits that granting the extraordinary relief of extending the stay to non-debtor Tessler is simply not warranted.[1] For the same reasons, this Court should not interfere with 172 NB's actions against Tessler in the State Court Action.

C. **SANCTIONS ARE NOT WARRANTED**

31. In its Motion papers, the Debtor seeks actual and punitive damages for alleged stay violations. First off, as demonstrated above, there have been no stay violations at all. The judgment was entered against the Debtor and Tessler before the filing of the Debtor's chapter 11 case (the court made a correction on November 22, 2024, to the judgment prior to the Debtor's filing of the Suggestion of Bankruptcy which was not filed in the State Court Action until December 15, 2024). Additionally, no actions have been taken against the Debtor. Indeed, all actions since the filing of the Debtor's chapter 11 case have been taken against Tessler in his individual capacity only.

32. Thus, the Debtor's request for sanctions is simply off base.

*[remainder of page intentionally left blank]*

---

[1] It is not at all clear if the Debtor is seeking relief under Bankruptcy Code section 105. If it were, such relief would be required to be sought by way of an adversary proceeding. In any event, the Debtor would be hard pressed to meet the high burden under that section as well. Indeed, as noted by retired Judge Feller of the Bankruptcy Court for the Eastern District of New York, "[i]njunctions are extraordinary remedies. Therefore, more than a perceived necessity is required to demonstrate their appropriateness." *Ochs v. Lipson, et al. (In re First Central Financial Corp.)*, 238 B.R. 9, 20 (Bankr. E.D.N.Y. 1999).

## **CONCLUSION**

33. For the foregoing reasons, 172 NB respectfully requests that the Debtor's Motion be denied in its entirety and that the Court grant 172 NB such other and further relief as is just and warranted.

February 25, 2025

                             **A.Y. STRAUSS LLC**

                             By: */s/ Eric H. Horn*
                             Eric H. Horn
                             290 West Mount Pleasant Avenue, Suite 3260
                             Livingston, New Jersey 07039
                             Tel. (973) 287-0966
                             Fax  (973) 533-0127

                             *Counsel for 172 NB LLC*